IN THE UNITED STATES DISTRICT COURT
OMAHA, NEBRASKA

| | | |
|---|---|---|
| Pamela Scott | ) | |
| Personal representative of the estate | ) | |
| of Michael E. Scott, deceased, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| | ) | |
| Igor Kozlov | ) | **PLAINTIFF DEMANDS A** |
| **SERVE:** | ) | **JURY TRIAL** |
| 303 Ave P. | ) | |
| Apartment C9 | ) | |
| Brooklyn, New York, 11204 | ) | |
| | ) | |
| Albatross Express, LLC | ) | |
| **SERVE:** | ) | |
| RANDY HISEY | ) | |
| 412 7TH AVENUE | ) | |
| S. SIOUX CITY, NE 68776 | ) | |
| | ) | |
| Unick LLC | ) | |
| **SERVE:** | ) | |
| RANDY HISEY | ) | |
| 412 7TH AVENUE | ) | |
| S. SIOUX CITY, NE 68776, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

In support of her causes of actions against Defendants, Plaintiff Pamela Scott, the personal representative of the estate of Michael E. Scott, deceased, alleges:

### PARTIES

1. The probate court of Jackson County, Missouri has appointed Plaintiff as the personal representative of the estate of Michael E. Scott, deceased.

2. Michael E. Scott, deceased, is survived by his wife, Pamela Scott, his daughter, Heather Kays, and son, Joshua Scott.

3. At all relevant times, Michael E. Scott was a resident of Blue Springs, Missouri, which is located in Jackson County, Missouri.

4. At all relevant times, Defendant Igor Kozlov was a resident of New York.

5. At all relevant times, Defendant Igor Kozlov was an employee of Defendant Albatross Express, LLC.

6. Defendant Albatross Express is a New Jersey corporation that is authorized to do business in Nebraska. Under Nebraska statute section 25-530.08, Plaintiff can serve a copy of this lawsuit to Defendant Albatross at its registered agent's location, which is 412 7th Avenue, S. Sioux City, NE 68776.

7. Defendant Unick is a New Jersey corporation that is authorized to do business in Nebraska. Under Nebraska statute section 25-530.08, Plaintiff can serve a copy of this lawsuit to Defendant Unick at its registered agent's location, which is 412 7th Avenue, S. Sioux City, NE 68776.

## JURISDICTION AND VENUE

8. This court has personal jurisdiction over Defendant Albatross and Defendant Unick because they are motor carriers, which regularly transact business, were at the time of the events giving rise to this cause of action responsible for the actions of its driver, and have an authorized agent for service of process in this state.

9. This court has personal jurisdiction over Defendant Igor Kozlov because Defendant Igor Kozlov operated a commercial motor vehicle within the state of Nebraska and such operation resulted in the injury and death of Michael E. Scott, which are the basis for Plaintiff's petition.

10. This court has subject matter in this case under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

11. This court is the proper venue under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the cause of action took place in this District.

## COMMON ALLEGATIONS TO ALL COUNTS

12. At all relevant times, Defendant Albatross and Defendant Unick (Plaintiff will refer to both Defendants as Defendant Albatross) owned a tractor trailer, which bore the VIN # 1FUY552B9YLF18854 and bore the New Jersey license plate number AL189M.

13. At all relevant times, Defendant Albatross was a registered as a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in the Federal Motor Carrier Safety Regulations, and was, thus, subject to such rules and regulations as promulgated and codified within 49 CFR § 390.5.

14. Pursuant to Nebraska statute section 75-363 and section 75-364, Nebraska has adopted the Federal Motor Carrier Safety Regulations as the standards and laws of the state.

15. At all relevant times, Defendant Albatross had registered the tractor as a "commercial motor vehicle" under 49 CFR § 390.5.

16. At all relevant times, the tractor trailer bore the placard of Defendant Albatross and displayed Defendant Albatross' name and operating authority number D.O.T.

17. On August 9, 2010, Defendant Igor Kozlov was the operator of the tractor trailer.

18. At all relevant times, Defendant Igor Kozlov was acting as an agent, servant, or employee of Defendant Albatross and was acting in the ordinary course of his employment for Defendant Albatross.

19. At all relevant times, Defendant Igor Kozlov operated the tractor trailer with the knowledge, consent, and permission of Defendant Albatross.

20. On August 9, 2010, at approximately 1:00 a.m., Defendant Igor Kozlov was operating the tractor trailer in Seward County, Nebraska.

21. At this time, Defendant Igor Kozlov turned on to I-80 to head westbound.

22. As Defendant Igor Kozlov moved from the access road to the highway, Defendant Igor Kozlov did not maintain highway speed.  Rather, he drove so slow that he was at a virtual stop on the highway.

23. At this time, Defendant Igor Kozlov failed to operate the lights on his tractor-trailer.

24. At this time, Michael E. Scott was driving a tractor trailer and was heading westbound on I-80.

25. At this time, Michael E. Scott drove his tractor-trailer into the rear of Defendant Igor Kozlov's tractor-trailer.

26. As a direct and proximate result of this collision, Michael E. Scott died.

## COUNT 1: WRONGFUL DEATH CLAIM AGAINST DEFENDANT IGOR KOZLOV

27. Plaintiff incorporates the preceding paragraphs into this count.

28. On August 9, 2010, and at all relevant times, Defendant Igor Kozlov breached his duty of care to Plaintiff by negligent and recklessly operating the tractor trailer at the time of the crash and by violating the following statutory and regulatory requirements:

    a. In violation of Nebraska statute section 60-6,164, Defendant Igor Kozlov maintained a stopped vehicle on the highway;

    b. In violation of Nebraska statute section 60-6,193, Defendant Igor Kozlov failed to maintain the minimum speed on the highway;

    c. In violation of Nebraska statute section 60-6,219, Defendant Igor Kozlov failed to operate the tractor trailer's lights during the evening hours;

    d. In violation of 49 C.F.R.§391.11, Defendant operated the commercial motor vehicle even though he was not qualified to drive a commercial motor vehicle;

    e. In violation of 49 C.F.R. §392.22, Defendant stopped his commercial motor vehicle on the highway and failed to immediately activate the vehicle's hazard warning signal flashers and failed to deploy any warning devices;

    f. In violation of 49 C.F.R.§392.3, Defendant operated the commercial motor vehicle while too ill or fatigued to drive safely; and,

    g. Defendant was otherwise careless and negligent as the circumstances will disclose.

29. The Nebraska statutes and federal regulations were designed to protect people like Michael E. Scott and to prevent these types of injuries to his surviving spouse and next of kin.

30. Defendant Igor Kozlov's negligence caused Michael E. Scott's death.

31. Because of Defendant Igor Kozlov's acts and omissions, which caused Michael E. Scott's death, Plaintiff, on behalf of Michael E. Scott's spouse and next of kin, is entitled to recover:

    a. The loss of the expectation of monetary benefit that Michael E. Scott's surviving spouse and next of kin would have received if Defendant Igor Kozlov had not killed Scott. This includes the inheritance that the surviving spouse and next of kin would have received had Scott lived;

    b. The loss of the portion of Scott's income that he would have used to support his surviving spouse and next of kin;

    c. The loss of the value of Scott's society, comfort, and companionship that his surviving spouse and next of kin would have received had Scott lived;

    d. The cost of the fair and reasonable funeral expenses for Scott's funeral;

    e. Pre-judgment and post-judgment interest;

    f. The cost of his action.

32. Plaintiff, therefore, demands judgment against Defendant Igor Kozlov for these damages and for any other proper relief.

**COUNT II: NEGLIGENCE CLAIM AGAINST DEFENDANT IGOR KOZLOV**

33. Plaintiff incorporates the preceding paragraphs into this count.

34. Between the collision with Defendant Igor Kozlov's trailer and his death, Michael E. Scott was alive but unable to exit his trailer because he was pinned to his seat.

35. At this time, the collision caused Michael E. Scott's trailer to ignite on fire.

36. At this time, due to his inability to exit the tractor-trailer, Michael E. Scott was trapped in a fire and suffered severe burns.

37. Due to Defendant Igor Kozlov's acts and omissions, Michael E. Scott experienced substantial pain and suffering before his death.

38. Due to Defendant Igor Kozlov's acts and omissions, Michael E. Scott suffered fear and apprehension of death between the collision and the time of his death.

39. Because of Defendant Igor Kozlov's acts and omissions, which caused Michael E. Scott's pain and suffering, Plaintiff, on behalf of Michael E. Scott's estate, is entitled to recover:

    a. Damages for the pain and suffering that Michael E. Scott endured between the time of the collision and his death;

    b. Damages for the fear and apprehension of death that Michael E. Scott suffered between the collision and his death;

    c. Pre-judgment and post-judgment interest;

    d. The cost of his action.

40. Plaintiff, therefore, demands judgment against Defendant Igor Kozlov for these damages and for any other proper relief.

## COUNT III: PLAINTIFF'S CLAIM AGAINST DEFENDANT ALBATROSS

41. Plaintiff incorporates the preceding paragraphs in to this count.

42. At all relevant times, Defendant Igor Kozlov was an employee of Defendant Albatross Express, LLC.

43. At all relevant times, Defendant Igor Kozlov was acting as an agent, servant, or employee of Defendant Albatross and was acting the ordinary course of his employment for Defendant Albatross.

44. At all relevant times, Defendant Igor Kozlov operated the tractor trailer with the knowledge, consent, and permission of Defendant Albatross.

45. Defendant Albatross is vicariously liable for Defendant Igor Kozlov's negligence and recklessness and is liable for Defendant Igor Kozlov's violations of his statutory and regulatory requirements.

46. In addition, Defendant Albatross was negligent and reckless in, at least, the following ways:

    a. In hiring Defendant Igor Kozlov even though Defendant Albatross knew, or should have known, that Defendant Igor Kozlov had inadequate

    experience, training, knowledge, and skill to operate and maintain the subject trailer safely;

    b. In entrusting the tractor trailer to Defendant Igor Kozlov even though Defendant Albatross knew, or should have known, that Defendant Igor Kozlov had inadequate experience, training, knowledge, and skill to operate the vehicle in a safe manner;

    c. In entrusting the tractor and cargo tank trailer to Defendant Igor Kozlov even though Defendant Albatross knew, or should have known, that Defendant Igor Kozlov had exhibited a pattern of negligence, incompetence, and recklessness in the operation of a commercial motor vehicle, and,

    d. In failing to adequately train, instruct, supervise, and monitor Defendant Igor Kozlov regarding the safe operation of the tractor and cargo tank trailer.

47. Defendant Albatross is additionally negligent because it violated federal regulations, which were enacted for the benefit of Plaintiff's decedents and others traveling on Nebraska public roadways. These federal regulations include:

    a. 49 C.F.R.§390, which pertains to the safe operation of a motor carrier, the training, supervision, and duties of motor carriers and their employees, and to aiding and abetting violations of the rules and regulations;

b. 49 C.F.R.§390.3 (e)(1), which requires Defendant Albatross to be knowledgeable of and comply with all regulations applicable and requires it to instruct every driver and employee with regard to all applicable regulations;

c. 49 C.F.R.§391.11, which prohibits a person from driving a commercial motor vehicle unless he is qualified to drive a commercial motor vehicle; and,

d. 49 C.F.R.§392.3, which prohibits the operation of a commercial motor vehicle when the operator is too ill or fatigued to drive safely;

48. The Nebraska statutes and federal regulations were designed to protect people like Michael E. Scott and to prevent these types of injuries to his surviving spouse and next of kin.

49. Because of Defendant Albatross's acts and omissions, which caused Michael E. Scott's death, Plaintiff, on behalf of Michael E. Scott's spouse and next of kin, is entitled to recover:

a. The loss of the expectation of monetary benefit that Michael E. Scott's surviving spouse and next of kin would have received if Defendant Igor Kozlov had not killed Scott. This includes the inheritance that the surviving spouse and next of kin would have received had Scott lived;

    b. The loss of the portion of Scott's income that he would have used to support his surviving spouse and next of kin;

    c. The loss of the value of Scott's society, comfort and companionship that his surviving spouse and next of kin would have received had Scott lived;

    d. The cost of the fair and reasonable funeral expenses for Scott's funeral;

    e. Pre-judgment and post-judgment interest;

    f. The cost of his action.

50. Because of Defendant Albatross's acts and omissions, which caused Michael E. Scott's pain and suffering, Plaintiff, on behalf of Michael E. Scott's estate, is entitled to recover:

    a. Damages for the pain and suffering Michael E. Scott endured between the time of the collision and his death;

    b. Damages for the fear and apprehension of death that Michael E. Scott endured between the collision and his death;

    c. Pre-judgment and post-judgment interest;

    d. The cost of his action.

51. Plaintiff, therefore, demands judgment against Defendant Albatross for these damages and for any other proper relief.

52. Plaintiff, therefore, asks for judgment against Defendants Albatross and Igor Kozlov jointly and severally for a sum of actual damages that a jury determines to be fair and reasonable.

53. Plaintiff specifically demands a jury trial on her petition.

                        Respectfully submitted,

                        HILLMAN, FORMAN, CHILDERS
                        & McCORMACK

                        */s/ Eugene Hillman*
                        EUGENE HILLMAN
                        Nebraska State Bar No. 11851
                        7171 Mercy Road, Suite 650
                        Omaha, NE  68106
                        Tele:  402/397/8051
                        Fax:  402/397/2868
                        eugenehillman@hfncm.com

                        LOCAL COUNSEL FOR PLAINTIFF

                        TIM DOLLAR
                        Missouri State Bar No. 33123
                        (Admission *pro hac vice* pending)
                        DOLLAR, BURNS & BECKER, L.C.
                        1100 Main Street, Suite 2600
                        Kansas City, MO  64105
                        Tele:  816/876/2600
                        Fax:  816/221/8763
                        timd@dollar-law.com

                        ATTORNEYS FOR PLAINTIFF